**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MOZA, INC., ET AL.,

        Plaintiffs,

-vs-

BRASSEUR, INC., ET AL.,

        Defendants.
_____/

Case No. 10-11865

District Judge Arthur J. Tarnow

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiffs' Motion for Award of Damages Pursuant to Default Judgment [Doc. #73][1], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). I recommend that the motion be GRANTED, and that the Court enter an Amended Order of Default Judgment against Defendant S&S Hat Company, Inc. in the amount of $246,495.10, plus statutory interest from the date of filing of the complaint.

**I.   FACTS**

Plaintiffs brought this case under 15 U.S.C. §§ 1125(a)(1)(A) and (B), alleging trademark and trade dress infringement by Defendant S&S Hat Company, Inc. ("S&S Hat"), with regard to the "Original Inaugural Hat," designed by Plaintiff Wook Song, a/k/a Luke Song, and worn by Aretha Franklin at President Barack Obama's inauguration. On May 31, 2011, the Court entered a default judgment against S&S Hat [Doc. #65]. The default judgment provided as follows, in pertinent part:

---

[1] Plaintiffs' counsel sought concurrence in this motion from Michael Saft, owner of S&S Hat Company, Inc. Mr. Saft did not concur in the motion, nor did a representative of S&S Hat Company, Inc. appear at any hearings on this motion.

"(C) That the Defendant S&S Hat Company Inc.'s duplication of the Inaugural Hat is an infringement of Plaintiffs' rights in its common law mark;

"(D) That the Defendant S&S Hat Company, Inc.'s duplication of the hats identified in Exhibit A of the Plaintiff's Motion for Default Judgment is an infringement of Plaintiffs' rights in its common law marks in such hats."

"( R ) Defendant S&S Hat Company, Inc. has infringed Plaintiffs' trade dress."

In addition to granting injunctive relief, the Court also ordered as follows:

"(H) Ordering an accounting of the finances of Defendant S&S Hat Company, Inc. to determine the amount of profits, gains or other advantages wrongfully realized by the Defendant as a result of the infringing conduct, and granting an award of money damages in favor of Plaintiffs, as well as an award of attorney fees, pending the completion and submission to this Court and Plaintiffs of the results of such accounting."

"(M) Plaintiffs are awarded their attorneys' fees and a doubling of damages for willful infringement."

However, S&S Hat did not appear for an accounting. In its motion, Plaintiff states:

> "Attempts to obtain the accounting have gone for naught. Initially, Defendant SS Hat Company refused to answer the Complaint; and, then, refused to appear for the accounting even though ordered to do so by a subpoena, as acknowledged in a phone call with the undersigned on or about September 22, 2011." *Brief in Support of Motion,* at 2.

On July 10, 2012, the Court held an evidentiary hearing on Plaintiff's motion for award of damages. Mr. Wook Song testified that between February and March of 2009, previously placed orders for 2,779 Inauguration Hats were cancelled by customers other than Defendant Brasseur. Mr. Song also testified that the wholesale price of each hat was $43.45. During this time period, the only entity producing these hats other than Plaintiff was Defendant S&S Hat.

## II.  DISCUSSION

As reflected in this Court's Order of Default Judgment [Doc. #65], and also

-2-

pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to double monetary damages and attorney fees based on Defendant S&S Hat's willful violation of § 1125. The testimony of Mr. Song establishes that based on S&S Hat's violation, 2,779 orders for the Inauguration Hats, @ $43.45 per hat, were cancelled. Plaintiff's loss attributable to S&S Hat is therefore $120,747.55. Double that amount is 241,495.10.

Plaintiff also seeks attorney fees and costs in the amount of $5,000.00. S&S Hat has not contested that request, and in any event, the amount requested is reasonable. Plaintiff is also entitled to statutory interest from the date of filing the complaint.[2]

### III.   CONCLUSION

I therefore recommend that Plaintiff's Motion for Award of Damages Pursuant to Default Judgment [Doc. #73] be GRANTED, and that an Amended Judgment of Default be entered against Defendant S&S Hat in the amount of $246,495.10 (representing double damages plus attorney fees), plus statutory interest from the date of filing of the complaint.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith*

---

[2] On June 15, 2012, the Court entered a default judgment against Defendants King Ting Millinery Co. and Michael Xu in the amount of $480,000.00, with statutory interest from the date of filing the complaint. [Doc. #96].

*v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

     Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/ R. Steven Whalen
                                                R. STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE

Date: July 31, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on July 31, 2012.

The S & S Hat Company                     s/Johnetta M. Curry-Williams
2251 Fraley St                                         Case Manager
Philadelphia, PA 19137-1824